(August 18, 2015)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRENCE RODNEY, Appellant. [15 NYS3d 47]—

Judgment, Supreme Court, Bronx County (Michael A. Gross, J.), rendered March 25, 2010, convicting defendant, after a jury trial, of manslaughter in the second degree, and sentencing him, as a second felony offender, to a term of 7 to 14 years, unanimously affirmed.

This Court previously held this appeal in abeyance pending a hearing into the circumstances surrounding the dismissal of a weapon charge against a witness who had already been cooperating with the prosecution, and whether the witness believed that the dismissal was a consequence of his cooperation (109 AD3d 439 [1st Dept 2013]). Supreme Court conducted the hearing, which included the testimony of the cooperating witness and two prosecutors. After reviewing the testimony adduced at the hearing, along with the trial evidence, we conclude that although the court should have permitted cross-examination of the witness at trial concerning these matters, the error was harmless (*see People v Crimmins*, 36 NY2d 230 [1975]). In the first place, the People's case did not depend on the testimony of the cooperating witness, because a second eyewitness gave consistent testimony regarding defendant's attack on the victim. Furthermore, the evidence elicited at the hearing upon our remand shows that the dismissal of the weapon charge had an explanation, both in the minds of the prosecutors and the witness, that had nothing to do with cooperation, such that trial cross-examination of the witness in this regard would most likely have been unfruitful. Finally, impeachment concerning the dismissed charge could not have materially aided defendant in light of the fact that the witness had already been thoroughly impeached with the substantial benefit he derived from the cooperation agreement itself. Accordingly, there is no reasonable possibility that the additional cross-examination would have affected the verdict.

We have considered and rejected defendant's challenge to the court's rulings on submission of lesser included offenses, his related claim regarding the prosecutor's summation, and his excessive sentence argument. Concur—Friedman, J.P., Richter, Feinman, Gische and Clark, JJ.